# IN THE UNITED STATES DISTRICT COURT
# FOR THE NOTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Octavia Jackson | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CIVIL ACTION |
| v. | ) FILE NO. |
| | ) _____ |
| | ) |
| JK Atlanta Enterprise, Inc. | ) |
| and Jaesung Kim, | ) **JURY TRIAL DEMANDED** |
| d/b/a American Deli | ) |
| | ) |
| | ) |
| Defendants. | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Octavia Jackson (hereinafter "Plaintiff"), by and through her undersigned counsel of record, and files this Complaint for Damages against JK Atlanta Enterprise, Inc and Jaesung Kim, d/b/a American Deli (hereinafter, collectively "Defendants" or "JK Atlanta"), showing the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq.* ("FLSA") to recover (1) unpaid, federally mandated overtime wages owed to Plaintiff and liquidated damages in an amount equal to unpaid overtime wages as well as reasonable attorneys' fees and costs as provided by the FLSA; and (2) Violation of the Equal Pay Act of 1963 as amended, 29 U.S.C. §206(d) *et seq*.

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331, 1343 and 29 U.S.C. 216(b) on the grounds that this action arises under the Fair Labor and Standards Act (hereinafter, "FLSA") 29 U.S.C. § 201 *et. seq*.

3.

The venue of this action is properly placed in the Northern District of Georgia, Atlanta Division pursuant to 28 U.S.C. § 1391because the activities giving rise to Plaintiff's claims transpired in this district and Defendants reside in this District.

## **PARTIES**

4.

Plaintiff Octavia Jackson is a citizen of the United States, a resident of the State of Georgia, and is subject to the jurisdiction of this Court.

5.

Defendant JK Atlanta is a corporation doing business in Georgia as American Deli.  Defendant owns and operates American Deli stores located at 2100 Roswell Road, Suite 2194, Marietta, Ga and at 180 Cobb Parkway, Marietta GA where the unlawful employment practices described herein occurred.  Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b).  Defendant may be served with Summons and Process through its Registered Agent, Jaesung Kim, at 6035 Standard View Dr., Johns Creek,GA 30097.

6.

Defendant Jaesung Kim is the owner of JK Atlanta and at all times operated as Plaintiff's employer.  Kim may be served with Summons and Process through JK Atlanta's Registered Agent, Jaesung Kim, at 6035 Standard View Dr., Johns Creek,GA  30097.

## STATEMENT OF FACTS

7.

Plaintiff is a 33 year old African American female who worked for the Defendants from April 2012 until October 30, 2016 as a cashier, cook and maintenance person.

8.

Plaintiff was Defendants' "employee" as defined by FLSA §3(e), 29 U.S.C. §203(e).

9.

Plaintiff performed non-exempt work for Defendants throughout the entirety of her employment.

10.

During the relevant time period, Plaintiff worked more than 40 hours per workweek and was not paid the overtime wage differential.

11.

Defendants are private employers engaged in interstate commerce, employed 15 or more employees during the relevant time period and generate gross revenues in excess of $500,000 per year.

12.

Defendant JK Atlanta and Jaesung Kim are "employers" as defined by FLSA §3(d), 29 U.S.C. §203(d).

13.

During the relevant time period, Jaesung Kim owned and managed the American Deli stores where Plaintiff worked.  Kim had discretion over Plaintiff's work hours, payroll and overtime compensation.  At all relevant times, Kim worked as Plaintiff's direct supervisor.

14.

Defendants are governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

15.

Defendants paid Plaintiff on an hourly basis, not a salary basis, and paid Plaintiff with a handwritten check, without deducting taxes as required by law.

16.

Defendants paid Plaintiff $7.25 per hour from 2012 until 2016.

17.

In 2012, Plaintiff worked from 4p.m. to 9:30 p.m., however, beginning in October 2013 Defendants experienced a staffing shortage, which caused Plaintiff to work additional hours.

18.

Starting in October 2013, Plaintiff worked approximately seventy (65) hours per week, but was never paid time and a half when she worked more than 40 hours in a week. Regardless of the number of hours worked, Plaintiff was compensated no more than $500 per pay period.

19.

When Plaintiff inquired about overtime pay, Kim told Plaintiff that he does not pay overtime.

20.

Although Defendants paid Plaintiff $500 per week, regardless of the number of hours worked in excess of 40, her pay was reduced if she missed work for any reason.

21.

Defendants required Plaintiff to work "off the clock" and required her to perform all functions necessary to maintain the business. For example, Plaintiff worked as a cashier, cook, and maintenance person.

22.

Defendants also employed male employees who performed the same functions as Plaintiff, but were paid $600 per week.

23.

Plaintiff was senior to most of the male employees who received greater pay for performing the same functions Plaintiff performed.

## COUNT ONE
## VIOLATION OF THE FLSA  (All Defendants)

24.

Plaintiff hereby incorporates all previous Paragraphs as if fully restated herein.

25.

Defendants have violated FLSA 7, 29 U.S.C. 207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

26.

Defendants routinely required Plaintiff to work more than forty (40) hours per week without overtime compensation.

27.

Defendants' actions, policies, and/or practices described above are in violation of the FLSA's overtime requirements as they fail to adequately compensate Plaintiff for time spent on work activities as described herein.

28.

Defendants knew, or showed reckless disregard for the fact that it failed to pay Plaintiff's overtime compensation in violation of the FLSA.

29.

Defendants failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of FLSA.

30.

Defendants' conduct was willful and in bad faith.  As a direct and proximate result of Defendant's unlawful discriminatory conduct, committed in derogation of her federally protected rights, Plaintiff has suffered lost wages and benefits of employment in an amount to be determined at trial.

## COUNT TWO
## VIOLATION OF THE EQUAL PAY ACT (ALL DEFENDANTS)

31.

Plaintiff hereby incorporates all previous Paragraphs as if fully restated herein.

32.

Defendants subjected Plaintiff to unfair pay on the basis of her sex (female) in violation of her rights provided for and protected under the Equal Pay Act.

33.

Defendant's sex discrimination against Plaintiff violated the Equal Pay Act by treating Plaintiff, the only senior level female in her department, less favorably than Defendant's male employees.

34.

Plaintiff was paid at a lower rate than Defendant's male employees even though Plaintiff performed work requiring, at a minimum, equal skill and effort as that put forth by her male coworkers.

35.

Plaintiff worked under similar working conditions as her male coworkers, and held the same or greater seniority.  Still, Plaintiff received lower pay than her male coworkers because of her sex.

36.

Defendant violated Plaintiff's rights by, among other things, paying Plaintiff less than it paid her male coworkers. In so doing, Defendant acted willfully and in bad faith.

37.

Defendant's decision to pay Plaintiff at a lesser rate because she is female is a violation of her rights provided and protected under the Equal Pay Act.

38.

As a direct and proximate result of Defendant's unlawful discriminatory conduct, committed in derogation of her federally protected rights, Plaintiff has suffered lost wages and benefits of employment in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for:

1) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rates for a period of three years;

2) Liquidated damages in an additional amount equal to unpaid overtime wages, calculated at the applicable hourly pay rate;

3) Attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216(b);

4) Trial by jury as to all issues;

5) Prejudgment interest at the rate allowed by law;

6) Declaratory relief to the effect Defendants have violated Plaintiff's statutory rights; and

7) Any and all such further relief that this Court or the finder of fact deems equitable and just.

Respectfully submitted this 22nd day of November 2016.

**MOLDEN LAW, LLC**

<u>/s/ Regina S. Molden</u>
Regina S. Molden
Georgia Bar No. 515454
Peachtree Center – Harris Tower
233 Peachtree Street, N.E. Suite 1245
Atlanta, Georgia 30303
Telephone: (404) 324-4500
Facsimile: (404) 324-4501
Email: rmolden@moldenlaw.com
Attorney for Plaintiff